

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHATSWORTH PRODUCTS, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05 C 2466 |
| v. | ) | |
| | ) | |
| PANDUIT CORP., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

Before this court is defendant Panduit Corp.'s ("Panduit") motion to dismiss plaintiff Chatsworth Products', Inc. ("Chatsworth") Complaint for Declaratory Judgment. The Complaint requests a declaration that Chatsworth does not infringe Panduit's United States Patent 6,884,942 ("'942 patent"), and that the '942 patent is unenforceable and invalid. The motion to dismiss requests that this court either dismiss this case for lack of subject matter jurisdiction or decline to exercise jurisdiction over this case. For the following reasons, Panduit's motion to dismiss is denied.

## BACKGROUND

The parties are currently involved in two separate cases pending before this court: *Panduit Corp. v. Chatsworth Products Inc.*, Case No. 04 C 4765, and the above captioned case, *Chatsworth Products, Inc. v. Panduit Corp.*, Case No. 05 C 2466. Panduit filed Case No. 04 C 4765 first, against Chatsworth, on July 20, 2004 alleging that Chatsworth infringed Panduit's

1

United States Patent 6,766,093 ("'093 patent"). Panduit also requested a preliminary injunction. After discovery on the issues surrounding the preliminary injunction Panduit sought, Chatsworth moved to amended its answer in Case No. 04 C 4765 to assert counter-claim for a declaratory judgment on the basis that Panduit's '093 patent is invalid. Chatsworth also informed Panduit of the reasons why Chatsworth believed the '093 patent is invalid. Subsequently, on November 18, 2004, Panduit filed an application with the Patent and Trademark Office ("PTO") for the reissue of the '093 patent pursuant to 35 U.S.C. § 251.[1] On that same day, Panduit filed a motion to stay, requesting that this court stay litigation in Case No. 04 C 4765 pending a determination by the PTO on Panduit's application for reissue of the '093 patent. This court granted the motion to stay on March 10, 2005.

The '942 patent, which is the subject of this action, is a continuation of the '093 patent. The '942 patent issued on April 26, 2005, and on that same day Chatsworth filed its Complaint for Declaratory Judgment in this case. Panduit has recently submitted the '942 patent for reexamination pursuant to 35 U.S.C. § 302.

## ANALYSIS

"The purpose of the [Declaratory Judgment] Act is to enable a person who is reasonably at legal risk because of an unresolved dispute, to obtain judicial resolution of that dispute without having to await commencement of legal action by the other side." *BP Chemical Ltd. v. Union Carbide Cop.*, 4 F.3d 975, 977 (Fed. Cir. 1993). As the Federal Circuit has recently reiterated, there is a two part test for determining whether or not Article III's requirement of an actual

---

[1] The filing of the application for reissuance does not affect the status of the controversy in Case No. 04 C 4765. 35 U.S.C. § 252.

controversy has been met for purposes of a declaratory judgment of non-infringement:

> There must be both (1) an explicit threat or other action by the patentee which creates a reasonable apprehension on the part of the declaratory judgment plaintiff that it will face an infringement suit, and (2) present activity by the declaratory judgment plaintiff which could constitute infringement, or concrete steps taken with the intent to conduct such activity.

*Teva Pharmaceuticals USA, Inc. v. Pfizer, Inc.* 395 F.3d 1324, 1332 (Fed. Cir. 2005). In this case it is quite clear, at least from the time of the filing of the Case No. 04 C 4765 on July 20, 2004 that an actual controversy existed. Panduit's filing a lawsuit, and requesting a preliminary injunction on the '093 patent, which is the parent patent to the '094 patent, created in Chatsworth a "reasonable apprehension" that it would face an infringement suit. *Vanguard Research, Inc. v PEAT, Inc.*, 304 F.3d 1249, 1254-55 (Fed. Cir. 2002) There is also no dispute that Chatsworth is undertaking activity that could be construed as infringement, which is why Case No. 04 C 4765 was filed.

The issue here is whether Panduit has adequately dispelled the reasonable apprehension of suit so that the actual controversy no longer exists. Panduit argues that it dispelled any reasonable apprehension of suit by requesting a stay of Case No. 04 C 4765, and promising Chatsworth that "Panduit would refrain from pursuing patent litigation against Chatsworth . . . until such time as the issues in the reissue proceeding are resolved." (Dkt. No. 24, Ex. A.)

The Federal Circuit has addressed the circumstance of when a promise not to sue divests a court of declaratory judgment jurisdiction. *See Fina Research, S.A. v. Baroid Ltd.*, 141 F.3d 1479, 1482-83 (Fed. Cir. 1998); *Super Sack Mfg. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058-60 (Fed. Cir. 1995); *Spectronics Corp. v. H.B. Fuller Co.*, 940 F.2d 631, 636-38 (Fed. Cir. 1991). In *Spectronics Corp.* and *Super Sack* the Federal Circuit held that the patentees

3

defending a declaratory judgment had divested the court of jurisdiction by filing covenants not to assert the patent at issue against the putative infringers. In both cases, the promises not to sue were promises that left no possibility of future infringement litigation over actions that could, at the time of the promise, be challenged as acts of infringement. In *Super Sack*, the promise was not to sue the declaratory judgment plaintiff over "products currently manufactured and sold" by the declaratory judgment plaintiff. *Super Sack*, 57 F.3d 1056. That promise, as the Federal Circuit explained, "*forever* estopped" the defendant from suing the declaratory judgment plaintiff over any products then currently manufactured or sold. *Id. at 1059* (emphasis added). In *Spectronics*, the promise by the defendant similarly "*forever* estopped" the defendant from suing the declaratory judgment plaintiff on the patent at issue in that case. *Spectronics*, 940 F.2d at 636 (emphasis added). Defendant Panduit has made no promise that it will forever be estopped from suing on the '942 patent. The only promise defendant Panduit has made is not to sue on the '942 patent until such time that the '093 patent is reissued and the '942 patent is reexamined. As Panduit states it:

> In addition to Panduit's previous promise not to sue Chatsworth over the '942 patent until the reissue of the '093 patent is resolved, Panduit also represents and promises to Chatsworth that Panduit will not sue Chatsworth over the '942 patent until the reexamination of the '942 patent is resolved.

(Mot. to Dism. at 3). This is not a promise never to sue on past upon past or current products. This is simply a promise that Panduit will not press, at this time, under either the '093 patent or the '942 patent any infringement claims Panduit may have against Chatsworth. Such a promise does not "eliminate[] [the] reasonable apprehension of suit already in existence." *Fina*, 141 F.3d at 1484.

The main thrust of Panduit's position is that the reissuing and reexamination proceedings currently pending for the '093 and '942 patents respectively have eliminated any reasonable apprehension of suit. But a mere possibility cannot dispel the reasonable apprehension of suit already created, and Panduit cites not law to the contrary.[2] As Panduit fully admits, "[n]obody can predict what events will happen in the PTO." (Reply at 3.) What is certain is that the '942 patent was issued on April 26, 2005 and has been enforceable and presumed valid since then. 35 U.S.C. § 282. That certainty, along with Panduit's actions, gave rise to Chatsworth's reasonable apprehension of suit which cannot be dispelled by mere conjecture, and promises not to sue at this time.

"Even if there is an actual controversy, the district court is not required to exercise declaratory judgment jurisdiction, but has discretion to decline that jurisdiction." *Teva Pharmaceuticals*, 395 F.3d at 1331. The discretion to decline jurisdiction must, however, be exercised "in accordance with the purpose of the Declaratory Judgment Act and the principles of sound judicial administration." *EMC Corp. v. Norand Corp.*, 89 F.3d 807, 813-14 (7th Cir. 1996). Panduit argues that this court should decline to hear this case for the same reasons that it argues an actual controversy does not currently exist: because the '093 and '942 patents are undergoing reissuing and reexamination proceedings respectively, and Panduit has promised to

---

[2] Panduit's reliance on *Spectronics* is misplaced. In that case, after finding that the reasonable apprehension of suit had been dispelled, the Federal Circuit went on to explain that the possible reissuance of the patent in dispute did not create an actual controversy because there was "no guarantee that the reissue patent [would] ever issue," and, furthermore, that the lack of an issued patent made it impossible to gauge whether any alleged infringement had occurred. *Spectronics*, 940 F.2d at 636. As the Court explained, "[t]here are sensible reasons why the existence of issued patent claims, presently enforceable . . ., are a requisite to litigation of a declaratory judgment action." *Id.* In this case, the are "issued patent claims" that "are presently enforceable," and Panduit has created a reasonable apprehension of suit on those claims.

take no action on the '942 patent until the PTO proceedings are finished. This court granted a stay in Case No. 04 C 4765 because staying that case appeared at the time to be the most efficient way toward an appropriate resolution of that case, and it was possible to ameliorate the prejudice to Chatsworth of the stay. No similar stay has been requested here by either party, but, instead, Panduit argues that the reasons supporting a stay should now support this court's dismissal of this case for lack of subject matter jurisdiction. This court disagrees. Panduit has created a reasonable apprehension of suit as to the '942 patent, and Panduit has not taken any sufficient step to dispel that reasonable apprehension of suit. Chatsworth need not wait for Panduit to initiate suit at Panduit's convenience, Chatsworth is entitled to file and pursue its suit for declaratory judgment on the '942 patent.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is denied. Panduit is ordered to file an answer to Chatsworth's Complaint on or before August 31, 2005. Counsel are to confer pursuant to Rule 26(f) and file a jointly completed Form 35 signed by counsel for each party on or before September 13, 2005. This case is set for a report on status and the entry of a scheduling order at 9:00 a.m. on September 22, 2005.

ENTER:

*James F. Holderman*
JAMES F. HOLDERMAN
United States District Judge

DATE: August 15, 2005